[Oral Argument scheduled for May 7, 2015]

**Case No. 15-5018**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

Home Care Association of America, *et al.*,
*Plaintiffs-Appellees*

v.

David Weil, Administrator, Wage & Hour Division, *et al*.,
*Defendants-Appellants*

_____

## MOTION OF *AMICI* STATES FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

_____

On Appeal from the United States District Court
for the District of Columbia (Case No. 1:14-cv-00967-RJL)

_____

DEREK SCHMIDT
Kansas Attorney General
JEFFREY A. CHANAY
Chief Deputy Attorney General
DWIGHT R. CARSWELL
Assistant Solicitor General
TOBY CROUSE
Special Assistant Attorney General
   *Counsel of Record*
Memorial Hall
120 SW 10th, 2nd Floor
Topeka, Kansas  66612
Telephone:  (785) 296-2215
Email:  jeff.chanay@ag.ks.gov
Email:  dwight.carswell@ag.ks.gov
Email:  tcrouse@foulston.com
**Counsel for Amicus Curiae**

*Amici* States (Kansas, Arizona, Georgia, North Dakota, Tennessee, Texas, and Wisconsin) respectfully move this Court, pursuant to D.C. Cir. R. 34(e), for leave to participate in oral argument in this case.  *Amici* States request that they be allotted 10 minutes of argument time to address the unique sovereign interests that that the Department of Labor's new regulations threaten.   In support of this Motion, *Amici* States allege as follows.

1.    **Interest of *Amici* States.**   *Amici* States filed a brief in support of affirming the District Court's rulings that vacated two aspects of the Department's new regulations.  In particular, *Amici* States argued that the new regulations offend their sovereign interests by exposing them to overtime liability in contravention of *Alden v. Maine*, 527 U.S. 706, 712 (1999), impose post-acceptance conditions upon an agreement the States previously struck with the federal government in contravention of *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981), and seek to exact new policy concessions that are unrelated to the original Medicaid agreement with the federal government that is forbidden under *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566, 2604 (2012).  *See* Brief of *Amici States*, Part II (filed April 6, 2015).  These concerns, as *Amici* States argued, give rise to a "wider, more constitutionally dangerous impact that has not been previously addressed" by any other party in this litigation and fall uniquely upon the States.   *Id.* at p. 13.

Permitting *Amici* States an opportunity to participate in oral argument would significantly assist this Court's consideration of the constitutional issues the Department's new regulations implicate. Both Plaintiffs-Appellees and Defendant-Appellant have adequately addressed whether the Department's new regulations are consistent with congressional intent as required by *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). But, neither party has addressed the significant federalism concerns the Department's new regulations create. The *Amici* States will argue that the Department's new regulations are incongruent with congressional intent because of the sovereign interests that the Department's new regulations eviscerate and that the Department appears to have not previously considered. *Compare Amici* States Br., p. 17-20; *with* Reply Br., p. 22 n.15. In other words, Congress could not convey to the Department authority that it did not have.

   **2.     Position of Plaintiffs-Appellees and Defendant-Appellant.** Counsel for *Amici* States has consulted with counsel for Plaintiffs-Appellees and Defendant-Appellant concerning *Amici* States' request for an opportunity to participate in oral argument. Plaintiffs-Appellants do not oppose *Amici* States' request to participate in oral argument, provided that any time allotted to *Amici* States is not deducted from argument time to which Plaintiffs-Appellants would

otherwise be entitled.  The Government does not consent to this Motion and intends to file a response.

3.      **This Court's practice of permitting *amici* to argue.**  This Court has a long, well-established practice of permitting *amici* to participate in oral argument where *amici* have a distinct and significant interest in the case.  *See generally Noel Canning v. National Labor Relations Board*, 705 F.3d 490, 491 (D.C. Cir. 2013) (permitting argument of *Amici* Senators).  This is especially true where, as here, the States' sovereign interests are at stake.  *See Seegars v. Ashcroft*, 396 F.3d 1248, 1248 (D.C. Cir. 2005) (permitting Texas to argue with regard to Second Amendment issues); *United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 870, 871 (D.C. Cir. 1999) (permitting Vermont to argue with regard to Eleventh Amendment issues); *OMYA, Inc. v. Federal Energy Regulatory Comm'n*, 111 F.3d 179, 179 (D.C. Cir. 1997) (permitting Vermont to argue in a dispute between private litigant and regulatory entity); *cf. also Center for Energy & Econ. Dev. v. Environmental Protection Agency*, 398 F.3d 653, 653 (D.C. Cir. 2005) (permitting Arizona to argue in support of EPA); *see also Oneok, Inc. v. Learjet*, 135 S. Ct. 884 (2014) (granting Kansas leave to participate in oral argument with regard to preemption).

**4.** **Granting leave will not result in any delay.** Oral argument is currently scheduled to occur on May 7, 2015. If leave is granted, *Amici* States will be prepared to present oral argument on this date.

\* \* \* \* \*

Accordingly, *Amici* States respectfully request that the Court grant them leave to participate through counsel in the oral argument in this case and allot them 10 minutes of argument time to address the sovereignty issues implicated by the Department's new regulations. *Amici* States request that this time be granted in addition to, and not deducted from, the time to which Plaintiffs-Appellees would otherwise be entitled.

## CONCLUSION

For the foregoing reasons, *Amici* States respectfully request that their motion to participate in oral argument be granted.


Dated:  April 11, 2015                    Respectfully submitted,

DEREK SCHMIDT
Kansas Attorney General
JEFFREY A. CHANAY
Chief Deputy Attorney General
DWIGHT R. CARSWELL
Assistant Solicitor General

 /s/ *Toby Crouse*
TOBY CROUSE
Special Assistant Attorney General
*Counsel of Record*

4

Memorial Hall
120 SW 10th, 2nd Floor
Topeka, Kansas  66612
Telephone:  (785) 296-2215
Email:  jeff.chanay@ag.ks.gov
Email:  dwight.carswell@ag.ks.gov
Email:  tcrouse@foulston.com

**Counsel for Amicus Curiae**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system and that service will be accomplished upon all parties by the appellate CM/ECF system.

 /s/ *Toby Crouse*
TOBY CROUSE
**Counsel for Amicus Curiae**