[ORAL ARGUMENT HEARD MAY 7, 2015]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

HOME CARE ASSOCIATION OF                  No. 15-5018
AMERICA, et al.,
    Plaintiffs-Appellees,

v.

DAVID WEIL, in his official capacity
as Administrator, Wage and Hour Division
of the U.S. Department of Labor, et al.,
    Defendants-Appellants
_____

**OPPOSITION TO PLAINTIFFS' MOTION TO STAY MANDATE
PENDING FILING OF PETITION FOR WRIT OF CERTIORARI**

    The same day that the government moved for expedited issuance of the mandate, plaintiffs moved to stay the mandate pending the filing and disposition of a petition for a writ of certiorari. Plaintiffs' motion should be denied and the mandate issued without further delay.

    **1.** As plaintiffs recognize (Mot. 1-2), to obtain a stay of the mandate they must demonstrate a reasonable probability that the Supreme Court will grant their petition and reverse the judgment of this Court. Plaintiffs fail to make that showing. This Court correctly held that the Supreme Court's decision in *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007), forecloses plaintiffs'

contention that the amended third-party employment regulation contravenes the plain language of the FLSA.  Although plaintiffs assert (Mot. 3) that this Court misread *Coke*, this Court addressed the Supreme Court's reasoning at length.  Op. 11-16.  By contrast, plaintiffs' motion makes no attempt to square their position with the Supreme Court's reasoning, which they fail to quote.[1]  Likewise, plaintiffs fail to acknowledge this Court's explanations for rejecting their various subsidiary points, such as their contention that "Congress's failure to overturn the Department's previous rule both before and after the *Coke* decision should be deemed to be persuasive evidence of Congressional intent to keep the old rule in place."  Mot. 7; *compare* Op. 15.

  **2.**  Plaintiffs do not advance their position by asserting that "allowing the new Rule to go into effect will cause irreparable harm to the operations of thousands of home care employers, millions of home care employees, elderly and disabled consumers, and state Medicaid funding programs across the country."  Mot. 2-3.  Based on the administrative record, the Department of Labor reached the opposite conclusion, finding that "supporting and stabilizing the direct care workforce will result in better qualified employees, lower turnover, and a higher quality of care."  Op. 22-23 (quoting 78 Fed. Reg. 60454, 60459-60 (Oct. 1, 2013)).  Plaintiffs ignore the administrative record evidence that, this Court

---

[1] Plaintiffs' reliance on the district court's ruling is misplaced for the same reason, as the district court did not address the reasoning of *Coke*.

2

reasoned, provides "ample support" for the agency's determination. Op. 21; *see also* Op. 20-23. "The industry's own survey indicated that home care agencies 'operating in overtime and non-overtime states already have very similar characteristics,' including 'a similar percentage of consumers receiving 24-hour care.'" Op. 22 (quoting 78 Fed. Reg. at 60,503). And as discussed in our briefs, plaintiffs' contention that the final rule will harm consumers and workers was rejected in rulemaking comments submitted by consumer advocates, labor representatives, and industry experts. *See*, *e.g.*, Reply Br. 11-15.

**3.** Plaintiffs incorrectly state that the district court's preliminary finding of irreparable harm "remains undisturbed by this Court's opinion on the merits." Mot. 9 (citing JA 45, 132). That finding—made in the context of issuing a temporary restraining order—was overtaken by the court's ruling on summary judgment. And this Court's review of the summary judgment ruling was properly based on the administrative record, which the district court did not address.

In any event, plaintiffs' district court filings do not support their present claims. For example, plaintiffs cite the declaration of an industry representative who used California as an example of difficulties with paying overtime to home care workers. *See* Mot. 11. But California enacted a budget resolution in 2014 that authorized payment of overtime to home care workers who work more than 40 hours per week, up to 66 hours per week. *See* R.27-5 at 7-8. It was the district

3

court's orders in this case that disrupted the implementation of that budget resolution. *See id*. at 8. Recently, after this Court issued its decision, California announced that it is prepared to implement the final rule as soon as this litigation concludes. *See* "Brown Admin Anticipates Giving Overtime Pay to Home Care Workers," California Healthline, Aug. 24, 2015.[2] *See also* Amicus Br. for the AFL-CIO et al. 27-28 ("In California, our members and consumers worked together with state officials to develop a common sense plan for implementation of the DOL rule under which workers would have been able, had the rule gone into effect as scheduled, to work as many as 66 hours per week and to be paid overtime.").

Similarly, plaintiffs rely on the declaration of an industry representative who claimed to be "familiar with the New York State Medicaid program's lack of preparedness to incorporate the increased costs from the new Rule." Mot. 12. But New York itself (joined by other States) supported the government in this appeal, explaining that the "States have engaged fully with DOL in discussions about how to comply with the rule, including the financial implications of the rule, and amici States are working to comply with the rule within the parameters of their budgets." Amicus Br. for New York et al. 23-24. Indeed, before the district court issued its orders, New York was prepared to fund all overtime compensation earned by

---

[2] Available at www.californiahealthline.org/articles/2015/8/24/brown-admin-anticipates-giving-overtime-pay-to-home-care-workers

4

workers in its Medicaid programs for at least six months while it evaluated next steps. *See* R. 27-5 at 8-9.

Finally, plaintiffs rely (Mot. 10-11) on an affidavit from a Kansas official who stated that the final rule would increase costs in its consumer-directed Medicaid programs. But plaintiffs neglect to mention the major reason for that cost increase, which is that Kansas pays as little as $1.87 per hour to workers who provide sleep-cycle services through Medicaid funded programs. *See* R.27-5 at 11. Plaintiffs did not defend that practice; instead, they emphasized that the businesses they represent already pay the $7.25 minimum hourly wage. *See* Pl. Br. 3 n.1. In any event, the fact that compliance with a federal regulation may increase Medicaid costs is not a basis to delay the implementation of a valid federal rule. *See* Reply Br. 22 n.15.

## CONCLUSION

Plaintiffs' motion to stay the mandate should be denied.

                      Respectfully submitted,

                      MICHAEL S. RAAB
                      (202) 514-4053

                      /s Alisa B. Klein
                      _____
                      ALISA B. KLEIN
                      (202) 514-1597
                      alisa.klein@usdoj.gov
                      Attorneys, Appellate Staff
                      Civil Division
                      U.S. Department of Justice
                      950 Pennsylvania Ave., N.W., Room 7235
                      Washington, D.C.  20530

September 8, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 8, 2015, I filed and served the foregoing response on counsel of record through this Court's CM/ECF system.

/s/ Alisa B. Klein
_____
Alisa B. Klein