---

Nos. 15-5018

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

HOME CARE ASSOCIATION OF AMERICA, *et al.*,
PLAINTIFFS-APPELLEES,
v.
DAVID WEIL, *et al.*,
DEFENDANTS-APPELLANTS.

---

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

---

## OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE ISSUANCE OF THE MANDATE

| | |
|---|---|
| William A. Dombi<br>Center For Health Care Law<br>228 Seventh St, SE<br>Washington, D.C. 20003<br>202.547.5262<br>wad@nahc.org | Maurice Baskin<br>Littler Mendelson, P.C.<br>1150 17th Street N.W.<br>Suite 900<br>Washington, DC  20036<br>202.842.3400<br>mbaskin@littler.com<br><br>Attorneys for Appellees |

## 1. No Good Cause Exists To Expedite Issuance Of The Court's Mandate.

Appellees Home Care Association of America, *et al*., hereby oppose the Department's Motion For Expedited Issuance Of The Mandate. The Department's motion is unsupported by reference to any Circuit Court precedent or Supreme Court ruling. No good cause exists to expedite the mandate in this appeal involving a highly controversial rulemaking proceeding in which the Department has overruled 40 years of enforcement of Congressionally mandated exemptions from the Fair Labor Standards Act, and has done so in a manner never before attempted in the entire history of the Act – excluding more than 90% of the industry from availing itself of statutory exemptions that remain applicable to their employees. As discussed at length in Appellees' Motion to Stay the Mandate, filed before the Department filed its motion to expedite on September 1, 2015, substantial questions will be raised in a petition for certiorari, and good cause exists to stay the mandate, not to expedite it.[1]

---

[1] The Department's Motion does not cite any case involving judicial review of an agency rulemaking under the Administrative Procedure Act, where this Court has expedited the issuance of its mandate notwithstanding notice of intention of the opposing party to file a petition for certiorari with the Supreme Court. Appellees have searched for any case in which the Court's mandate has been expedited under remotely similar circumstances and have found none.

The Department's motion is also inconsistent with its own stated intention to delay enforcement of the new Rule for 30 days once the mandate is issued. (Mot. at p.3).[2] The Department's delay in enforcement constitutes an admission of the severe disruption in access to home health care that will be caused by expedited implementation of the new Rule. As further elaborated in Appellees' Motion for Stay, many states are not prepared to provide Medicaid funding for the increased costs anticipated to result from the new Rule. Absent such funding, thousands of elderly and disabled consumers of home health care will be deprived of access to such care once the new Rule goes into effect. Indeed, some disruption of access to home health care has already occurred in anticipation of the new Rule's implementation, according to sworn testimony referenced in Appellees'

---

[2] The Department previously announced that there would be a <u>six-month</u> delay in enforcement of its new Rule prior to the Rule's original January 1, 2015 effective date.  *See* 79 Fed. Reg. 60974 (Oct. 2014).  Since efforts to achieve compliance or additional funding came to a halt after the district court vacated the Rule in January, there is no rational basis for cutting short the originally planned non-enforcement period nor for expediting the mandate at all. In any event, the Department's non-enforcement announcement does not have any impact on private litigation to enforce the new Rule and so is of little benefit to employers, consumers or state governments who remain unprepared to comply with the sea change in home care that is about to take place.

Motion to Stay the Mandate and Reply brief. *See* Affidavit of Bruce Darling (attached to Appellees' Motion for Stay).

*Amici* representing disabled consumers and many state governments have further explained why they anticipate much more severe disruptions of home health care once the Rule actually goes into effect. *See Amici* Brief of ADAPT and the National Council on Independent Living, at pp. 5-29 ("The new rule will cause significant and widespread disruptions to the provision of Medicaid long-term services and supports." * * * "[T]he vast majority of states do not require overtime pay for CDPA attendants and have not allocated funding to cover the additional cost of overtime."); *Amici* Brief of States of Kansas, et al at pp. 22-28. ("[C]ontinuity of care will be practically impossible to obtain for Kansans, especially those living in rural Kansas."). *See also* National Assoc. of Medicaid Directors (NAMD) Comment, WHD-2011-0003-9179 at 3. Under such circumstances, no good cause exists to implement the Department's new Rule on an expedited basis, while the Supreme Court is considering Appellees' petition.

## Conclusion

For the reasons set forth above and in Appellees' Motion to Stay the Mandate, the Court should deny the Department's motion to expedite issuance of the mandate.

Respectfully submitted,

*/s/ Maurice Baskin*

| | |
|---|---|
| William A. Dombi | Maurice Baskin |
| Center For Health Care Law | Littler Mendelson, P.C. |
| 228 Seventh St, SE | 1150 17th Street N.W. |
| Washington, D.C. 20003 | Suite 900 |
| 202.547.5262 | Washington, DC 20036 |
| wad@nahc.org | 202.842.3400 |
| | mbaskin@littler.com |

Attorneys for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using the appellate CM/ECF system, which sent notice to the participants and parties in this case.

<u>*/s/ Maurice Baskin*</u>