[ORAL ARGUMENT HEARD MAY 7, 2015]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

HOME CARE ASSOCIATION OF            No. 15-5018
AMERICA, et al.,
       Plaintiffs-Appellees,

       v.

DAVID WEIL, in his official capacity
as Administrator, Wage and Hour Division
of the U.S. Department of Labor, et al.,
       Defendants-Appellants

_____

**REPLY IN SUPPORT OF MOTION TO ISSUE MANDATE**

Plaintiffs' filings make clear that they do not intend to seek rehearing in this Court, and they have not met the standard for a stay pending the disposition of a petition for a writ of certiorari. The mandate should issue without further delay.

**1.** The standard for a stay pending certiorari was set out in plaintiffs' stay motion: "Under the 'substantial question' standard applied by this Court (and others), a stay of the mandate is warranted if there is a 'reasonable probability' of the Supreme Court granting certiorari and reversing." Pl. Mot. 3. Implicitly recognizing that they cannot meet that standard, they urge that they are not required "to reargue their appeal as if this motion were a petition for rehearing or the petition for certiorari itself." Pl. Reply 3. But throughout this litigation,

plaintiffs never confronted the Supreme Court's reasoning in *Coke*, which their appellate brief did not discuss.[1]

**2.** Plaintiffs' policy arguments fare no better. Their declarant (a national organizer from ADAPT) reiterates the claim ADAPT raised in the rulemaking, that the final rule will decrease the availability of home care services and increase institutionalization of persons with disabilities. As this Court explained, the Department of Labor considered and rejected such comments and "instead reasonably credited comments suggesting that the new rule would improve the quality of home care services." Op. 22; *see also* 78 Fed. Reg. 60454, 60486-87 (Oct. 1, 2013); Amicus Br. for the American Association of People with Disabilities 2 ("the home care rule will improve the quality of services available to people with disabilities living in the community").

**3.** Plaintiffs incorrectly rely on the Department's enforcement policies as reason to stay the mandate pending the disposition of their petition for certiorari. The six-month period of non-enforcement on which they rely (Opp. 3 n.2) expired on June 30, 2015. When we moved to expedite this appeal, we explained that "[t]he June 30 expiration of that non-enforcement period only underscores the importance of hearing the appeal this Term." Reply in Support of Motion for

---

[1] Plaintiffs suggest that the "reasonable possibility" standard is satisfied any time a court of appeals reverses a district court's decision. *See* Pl. Reply 4. They cite no authority to support that view and, here, the district court did not address the reasoning of *Coke*.

Expedited Briefing and Argument 5 (filed Jan. 26, 2015). This Court granted expedition over plaintiffs' objection. *See* 1/27/2015 Order.

Plaintiffs also note (Opp. 2) that the Department recently announced that it will not bring enforcement actions against any employer as to violations of FLSA obligations resulting from the amended regulations until 30 days after the mandate issues. That 30-day period, which allows for orderly implementation of the rule if the mandate issues in the middle of a pay period, is not a basis for further delay. Additional delay would be particularly unwarranted because the Department previously indicated that, through December 31, 2015, it will exercise prosecutorial discretion in determining whether to bring enforcement actions, with particular consideration given to the extent to which States and other entities have made good faith efforts to bring their home care programs into compliance with the FLSA since promulgation of the final regulations. 79 Fed. Reg. 60974 (Oct. 9, 2014).

## CONCLUSION

The mandate should be issued.

                    Respectfully submitted,

                    MICHAEL S. RAAB
                    (202) 514-4053

                    /s Alisa B. Klein
                    _____
                    ALISA B. KLEIN
                    (202) 514-1597
                    alisa.klein@usdoj.gov
                    Attorneys, Appellate Staff
                    Civil Division
                    U.S. Department of Justice
                    950 Pennsylvania Ave., N.W., Room 7235
                    Washington, D.C.  20530

September 15, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2015, I filed and served the foregoing reply on counsel of record through this Court's CM/ECF system.

/s/ Alisa B. Klein
_____
Alisa B. Klein